# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

DAVID DALE SHERIFF,                )    CIVIL ACTION NO. 9:16-2921-TMC-BM
#171192,                           )
                                   )
                    Petitioner,    )
                                   )
v.                                 )    **REPORT AND RECOMMENDATION**
                                   )
SCOTT LEWIS, WARDEN,               )
                                   )
                    Respondent.    )
_____    )

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on August 17, 2016.[1]

The Respondent filed a return and motion for summary judgment on November 15, 2016. As the Petitioner is proceeding pro se, a Roseboro order was entered on November 16, 2016, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case.

On January 4, 2017, after no response from the Petitioner was filed, the undersigned entered a Report and Recommendation recommending dismissal of the action due to Petitioner's failure to prosecute his case. However, after being advised by the Respondent that he had received a response (although one had not been filed with the Court), the undersigned vacated the Report and

---

[1] Filing date per Houston v. Lack, 487 U.S. 266 (1988).



Recommendation and directed the Respondent to file a status update attaching the response which he had received. On January 6, 2017, the Respondent filed his update together with Petitioner's memorandum in response to summary judgment attached. The original memorandum in response to summary judgment mailed from the Petitioner to the Court was also filed on the same date in the Clerk's office. The Respondent subsequently filed a reply memorandum to that response on January 10, 2017.

This matter is now before the Court for disposition.[2]

## **Procedural History**

The record reflects that Petitioner was indicted in Anderson County in December 2009 for first-degree burglary [Indictment No. 09-GS-04-2990]. (R.pp. 236-237). The State also served Petitioner with a notice of intent to seek a life without parole (LWOP) sentence pursuant to the recidivist statute, S.C. Code Ann. § 17-25-45 (1995).[3] See Court Docket No. 15-10. Petitioner was represented by Kurt Tavernier, Esquire, and following a jury trial on July 19-20, 2010, was found guilty and was sentenced to a mandatory term of life imprisonment without the possibility of parole. (R.pp. 146, 150).

Petitioner filed a timely direct appeal in which he was represented by Lanelle Cantey Durant, Esquire, of the South Carolina Commission on Indigent Defense. Petitioner's counsel filed

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]The State relied on Petitioner's 1990 first-degree burglary conviction as the predicate offense to enhance Petitioner's sentence. See Court Docket No. 15-10.



an Anders[4] brief seeking to be relieved and raising the following issue:

> **Ground One:** Did the trial court err in denying [Petitioner's] request to admit into evidence the Notice of the State's Intent to Seek Life Without Parole (LWOP) which denied [Petitioner] the right to present a complete defense because the state was allowed to introduce into evidence [Petitioner's] two prior burglary convictions which were prejudicial to [Petitioner] although [Petitioner] was willing to stipulate to them?

See Court Docket No. 15-2, p. 4.

Petitioner then filed a pro se Anders brief raising twenty-two issues. See Court Docket No. 15-3, pp. 6-9. On July 18, 2012, the South Carolina Court of Appeals filed an Order granting counsel's motion to be relieved and dismissing the appeal. State v. Sheriff, 2012-UP-453 (S.C.Ct.App. July 18, 2012). See Court Docket No. 15-4. The Petitioner did not seek a rehearing or certiorari to the South Carolina Supreme Court, and the Court of Appeals issued the Remittitur to the Anderson County Clerk of Court on August 10, 2012. See Court Docket No. 15-5.

On June 12, 2013, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. See Sheriff v. State of South Carolina, No. 2013-CP-04-1431. (R.pp. 153-161). Petitioner raised the following issues in this APCR:

> **Ground One:** Ineffective Assistance of Counsel.

> **Ground Two:** Conflict of Interest.

> **Ground Three:** Failure to Investigate.

> **Ground Four:** Constitutional Violations.

---

[4]Anders v. California, 386 U.S. 738 (1967). Anders requires that appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See Anders, 386 U.S. at 744.



(R.p. 154).

Petitioner was represented in his APCR by Hugh W. Welborn, Esquire, and an evidentiary hearing

was held on Petitioner's application on July 30, 2014. (R.pp. 168-201). Thereafter, in an order dated

May 1, 2015 (filed May 7, 2015), the PCR judge denied relief on the APCR in its entirety. (R.pp.

225-235).

Petitioner filed a timely appeal of the PCR court's order. Petitioner was represented

on appeal by Appellate Defender Lanelle Cantey Durant, who filed a <u>Johnson</u>[5] petition seeking to be

relieved and raising the following issue:

> Did the PCR court err in failing to find trial counsel ineffective for not conducting his
> own investigation of Petitioner Sheriff's case instead of relying on the investigation
> done by Petitioner's former attorney who had been relieved by the court at Petitioner's
> request because Petitioner felt his former attorney was not working in Petitioner's best
> interests?

<u>See</u> Petition, p. 2 (Court Docket No. 15-6, p. 3).

On June 16, 2016, the Supreme Court of South Carolina denied the petition for writ

of certiorari and granted counsel's withdrawal request. <u>See</u> Court Docket No. 15-7. <u>See</u> <u>Sheriff,</u>

<u>Petitioner, v. State of South Carolina</u>, Appellate Case No. 2015-001012, Order (S.C. June 16, 2016)

(Court Docket No. 15-7). The Remittitur was sent down on July 5, 2016 (and filed on July 15, 2016).

<u>See</u> Court Docket Nos. 15-8 and 15-9.

In his Petition for writ of habeas corpus filed in this United States District Court,

Petitioner raises the following issues:

> **Ground One:** [Petitioner] was denied due process of Law under the Fourteenth
> amendment to the United States constitution.

---

[5]<u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1998); <u>see also</u> <u>Anders v. California</u>, <u>supra</u>.

4



**Supporting Facts:** Trial Court failed to let [Petitioner] admit into evidence the Notice of the States Intent to seek Life without Parole.

**Ground Two:** [Petitioner] alleges his Sixth (6) and fourteenth (14) admendments Constitutional Rights was violated, Ineffective Assistance of Counsel.

**Supporting Facts:** Trial Counsel failed to challenge applicants conflict of interest. [Petitioner] fired his first attorney that was employed by the public defenders office. Judge appointed new attorney who was afiliated with the public defenders office.

**Ground Three:** Ineffective Assistance of Counsel, [Petitioner] was denied effective assistance of counsel under (6th) sixth amendment.

**Supporting Facts:** Trial attorney failed to file a motion for reconsideration of Sentence. Attorney and [Petitioner] talked about filing the motion.

**Ground Four:** Ineffective Assistance of Counsel, [Petitioner] was denied effective assistance of counsel under sixth amendment of the United States.

**Supporting Facts:** Trial counsel failed to familiarize himself with the fact of the case. Trial counsel used prior attorneys notes, and file to proceed with trial.

See Petition, pp. 6, 8-9, 11 (Errors in Original).

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services,

5



901 F.2d 387 (4th Cir. 1990).

## I.

In Ground One of his Petition, Petitioner contends that his due process rights were violated because the trial court erroneously denied the admission of the State's LWOP notice into evidence. The Petitioner raised this objection at trial and his counsel raised it in his direct appeal. Therefore, it is properly exhausted for purposes of federal habeas review.

The record reflects that in a pretrial motion, Petitioner's counsel informed the Court that Petitioner was willing to stipulate to the two prior burglary convictions which were the basis for the burglary first degree charge. Petitioner's counsel argued that it would be unfairly prejudicial for the jury to be told of his prior burglary convictions. (R.pp. 22-23). However, the State responded that it was not required to accept the stipulation and did not intend to do so, following which the Court ruled that case law held the State was not required to accept the stipulation. (R.p. 23). Even so, the Court informed the parties that he intended to give the jury a limiting instruction when the prior charges were put into the record and in his final jury instructions. (R.pp. 23-24). Subsequently, during the State's case-in-chief, Petitioner's counsel made a proffer that he intended to introduce into evidence the Notice of the State's Intent to Seek A Sentence of Life Without Parole. The trial court made the notices exhibits, but denied Petitioner's motion, ruling that it was not admissible because it was not relevant to guilt or innocence and it's introduction was purely designed to play on the sympathy and passions of the jury. (R.p. 108). Then, when exhibits setting forth the Petitioner's prior convictions were subsequently admitted, with no objection from Petitioner's counsel, the trial court gave the jury a limiting instruction with regard to their consideration of these exhibits. (R.pp. 119-122). The trial court also gave another limiting instruction with regard to the jury's consideration



of these exhibits in its closing jury instructions.  (R.p. 140).

Petitioner's claim of reversible error on federal habeas with respect to the trial court's handling of this issue is without merit.  In South Carolina, "[t]he rule . . . is that ordinarily the jury is not concerned with the punishment fixed by law, nor with the discretion of the court in deciding upon the sentence."  State v. Brooks, 247 S.E.2d 436, 438 (S.C. 1978); see also State v. McGee, 235 S.E.2d 715 (S.C. 1977)["As a general rule, where the right to fix the punishment is exclusively within the province of the court, it is not error to refuse an instruction with regard to punishment, since information as to the penalty is of no aid to the jury in determining whether the defendant committed the crime charged."].  Accordingly, South Carolina case law supports the trial court's ruling that the trial court was not required to admit the State's LWOP notice into evidence.  The South Carolina Court of Appeals also denied this claim on appeal, and again no reversible error has been shown by Petitioner with respect to this finding.  State v. Brock, 516 S.E.2d 212, 215 (S.C.Ct.App. 1999)(citing State v. Aiken, 470 S.E.2d 404 (S.C.Ct.App. 1996) ["The admission or rejection of evidence is largely within the sound discretion of the trial judge, and the trial judge's decision will not be disturbed on appeal absent an abuse of discretion."].

In any event, in reviewing Petitioner's claim of error with respect to this issue, this Court is constrained by the fact that federal courts have no supervisory authority over state court proceedings and can only correct errors of a constitutional dimension.  Smith v. Horn, 120 F.3d 400, 414 (3d Cir.1997) (citations omitted) [discussing a state court's evidentiary ruling and that the charge must implicate a habeas petitioner's federal constitutional rights to be cognizable for federal habeas review], cert. denied, 522 U.S. 1109 (1998).  With respect to a question of admission of evidence, even if the admission or non-admission was found to be improper, it would only violate a defendant's



constitutional rights if the ruling "by itself so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 502 U.S. 62, 72(1991) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)).  Hence, to be entitled to federal habeas relief on his evidentiary claim, Petitioner must establish that the allegedly erroneous ruling was so prejudicial that it negatively affected the outcome of his trial.  Tarpley v. Estelle, 703 F.2d 157, 159 (5th Cir.1983), cert. denied, 464 U.S. 1001 (1983).  No such showing has been made.  See Smith v. State of North Carolina, 528 F.2d 807, 809 (4th Cir. 1975)[Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.].

As Petitioner has provided no evidence to meet this burden, he has therefore failed to show that he is entitled to federal habeas relief on this ground.  Estelle, 502 U.S. at 67 [It is not the province of a federal habeas court to reexamine state court determinations of state law questions]; Ward v. Warden of Lieber Correctional Institution, No. 11-3277, 2013 WL 1187133 at *18 (D.S.C. Feb. 15, 2013), adopted by, 2013 WL 1187112 (D.S.C. Mar. 20, 2013)[To obtain federal habeas relief, a state prisoner must "demonstrate that the state courts' decisions were so fundamentally unfair that they resulted in a denial of due process"].  This claim is without merit and should be dismissed.

## II.

In Grounds Two and Four of his Petition, Petitioner contends that his trial counsel was ineffective for failing to raise a conflict of interest in his representation of the Petitioner, and for failing to familiarize himself independently with the facts of the case instead of relying on prior counsel's notes.  Petitioner raised Grounds Two and Four in his APCR, where Petitioner had the burden of proving the allegations in his petition.  See Sheriff v. State of South Carolina, No. 2013-CP-04-1431.  See also Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094

8



(1986). The PCR Court denied these claims, as did the South Carolina Supreme Court when it denied

Petitioner's appeal of his APCR. See Court Docket No. 15-7.

In his order, the PCR judge found[6] that: 1) Petitioner claimed that due to his attorney's

substandard performance, he had been denied his constitutionally protected right to counsel; 2)

Petitioner was not deprived of effective assistance of counsel; 3) defense counsel's pre-trial

investigation and discussions with Petitioner were reasonable under the circumstances, and did not

fall below professional norms; 4) defense counsel competently advised Petitioner of the charge and

possible sentences; 5) no conflict of interest existed with defense counsel representing Petitioner; 6)

as such, there was no prejudice to the Petitioner from defense counsel's representation; 7) defense

counsel's testimony regarding communications with the Petitioner was credible and Petitioner's

testimony was not credible;

8) Petitioner's conviction was supported by overwhelming evidence of his guilt; 9)

at trial, the State presented through testimony on the extent of the burglary from the victim; 10) the

police also obtained a blood sample that subsequently was matched to Petitioner; 11) after

deliberating for forty-one minutes, the jury found Petitioner guilty as indicted; 12) defense counsel's

testimony regarding the issue of whether a conflict existed was credible and convincing; 13)

Petitioner lacked standing to raise this *post hoc* allegation in his APCR; 14) Judge Peeple's order

from Petitioner's prior PCR application from the mid-1990s showed that Petitioner was

knowledgeable on this issue and he produced no credible justification to explain why he did not raise

---

[6]The findings set forth hereinabove relate to Petitioner's claims asserted in this habeas petition. Although the PCR judge also made findings on additional issues that have not been raised in this federal habeas petition; (R.pp. 232-233); since those other findings are not relevant to the issues raised in this petition, they are not discussed.



his concerns of the purported conflict to the trial judge at his trial; 15) second and alternatively, Petitioner entirely failed to present any competent evidence that showed his counsel's substitution on his case inured to his detriment; 16) instead, the record clearly showed that Petitioner received a windfall benefit on having counsel appointed to his case where his performance, on the matters at issue, were exemplary; 17) Petitioner's allegation regarding the purported conflict was denied and dismissed with prejudice;

18) with regard to Petitioner's allegation that his counsel's performance was deficient and ineffective for purportedly failing to adequately investigate his case, that allegation was similarly without merit; 19) Petitioner failed to make a sufficient prima facie showing; 20) Petitioner even testified that he was in fact guilty; 21) in contrast, Petitioner's trial counsel's testimony concerning his investigation procedures and his efforts in Petitioner's case was credible and sound; 22) except as discussed above, Petitioner affirmatively abandoned the remaining allegations set forth in his application at the hearing; 23) Petitioner's failure to address these issues at the hearing indicated a voluntary and intentional relinquishment of his right to do so; and 24) any and all remaining allegations were denied and dismissed.  (R.pp. 229-234).

Substantial deference is to be given to the state court's findings of fact.  Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden



of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531

U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C.

§ 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of

ineffective assistance of counsel, a federal court must reach an independent conclusion.  Strickland

v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993),

cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990),

cert. denied, 499 U.S. 913 (1991)).

       Nevertheless, since these ineffective assistance of counsel claims were adjudicated on

the merits by the South Carolina state court, this Court's review is limited by the deferential standard

of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor,

529 U.S. 362 (2000).  See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1)

and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state

court proceedings only where such adjudication "resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established federal law, as determined by the

Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding"].  As noted

by the Supreme Court, the

    AEDPA's standard is intentionally " ' "difficult to meet." ' " White v. Woodall, 572
    U.S. ___, 134 S.Ct. 1697, 1702 (2014) (quoting Metrish v. Lancaster, 569 U.S. ___,
    133 S.Ct. 1781, 1786 (2013)). We have explained that " 'clearly established Federal
    law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta,
    of this Court's decisions." White, 572 U.S., at ___, 134 S.Ct., at 1702 (some internal



quotation marks omitted). "And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." Id., at ___, 134 S.Ct., at 1702 (same). To satisfy this high bar, a habeas petitioner is required to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86 (2011).

Adherence to these principles serves important interests of federalism and comity. AEDPA's requirements reflect a "presumption that state courts know and follow the law." Woodford v. Visciotti, 537 U.S. 19, 24(2002) (*per curiam*). When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong. Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington, supra, at 102–103, 131 S.Ct. 770 (internal quotation marks omitted). This is especially true for claims of ineffective assistance of counsel, where AEDPA review must be " ' "doubly deferential" ' " in order to afford "both the state court and the defense attorney the benefit of the doubt." Burt v. Titlow, 571 U.S. ___, 134 S.Ct. 10, 13 (2013) (quoting Cullen v. Pinholster, 563 U.S. 170, ___, 131 S.Ct. 1388, 1403 (2011)).

Woods v. Donald, 135 S.Ct. 1372, 1376 (2015).

Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was

12



deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir. 1996). As discussed hereinbelow, infra, Petitioner has failed to meet his burden of showing that his counsel was ineffective under this standard. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

   Here, the record shows that Petitioner was initially represented by Andrew Potter, Esquire, and that on March 8, 2010, the trial court judge held a hearing on Petitioner's motion to relieve his initial counsel as well as Potter's motion to be relieved. (R.pp. 202-214).[7] Petitioner requested that the Court relieve his counsel because Petitioner contended that he had not adequately prepared for his trial. (R.p. 204). After hearing the matter, the Court granted Petitioner's counsel's motion to be relieved and Petitioner's motion to have his counsel relieved. (R.pp. 202-214). At the PCR hearing, Petitioner testified that the trial judge had stated during the motions hearing that everyone at the Public Defender's office was conflicted out. (R.pp. 172-175). See also (R.p. 208). However, Petitioner testified that he had found two documents showing that his new appointed trial counsel (Tavernier) was also listed as being a Public Defender. (R.pp. 173, 215-216). For his part, Petitioner's trial counsel testified at the PCR hearing that he is in private practice but also works as a contract attorney with the Public Defender's office, that he has worked in that capacity since 2002, and that prior to that time he had worked in the Solicitor's office. (R.pp. 186-187). Counsel testified

---

[7]It is noted that as part of this proceeding the State argued that Petitioner's motion to relieve counsel was a delay tactic in a strategic effort to delay his trial. As a result the Court warned Petitioner that future delays past the upcoming April 2010 term would not be granted due to the appointment of new counsel. (R.p. 210). The case was ultimately tried in July 2010. (R.p. 1).



that in his capacity as a contract attorney, he is frequently appointed in conflict cases because he is separate and distinct from the public defender's office, and that he handles at least a half dozen to a dozen cases a year in which the public defender has been conflicted out of the case. (R.pp. 187-188). Counsel further and specifically testified that he is not an employee of the State and not an employee of the Public Defender's office. (R.p. 196). Finally, counsel testified that after he was appointed, he picked up the file, reviewed it and went over everything to see what the evidence was and if there was anything that was needed, consulted with Petitioner's prior counsel, and met with the Petitioner, and that he did not recall the Petitioner expressing any concerns about counsel representing him. (R.p. 188).

The PCR court found trial counsel's testimony credible and that Petitioner's testimony was not credible. (R.p. 229). Credibility findings are entitled to great deference by this court in a habeas action. Wilson v. Ozmint, 352 F.3d 847, 858-859 (4th Cir. 2003). The PCR court also found that there was no conflict of interest, that Petitioner's guilt was supported by overwhelming evidence, that Petitioner failed to present any competent evidence that showed his trial counsel's substitution on his case inured to his detriment, and that the record clearly showed that Petitioner received a windfall benefit on having his trial counsel appointed in the case. (R.pp. 229-231). Petitioner even himself testified that "I can't sit here and say that [his trial counsel] done anything personally against me. All I'm saying is that there was a conflict with anyone that was affiliated with that public defender's office;" (R.p. 181); while on cross-examination Petitioner also admitted that he had previously raised a conflict of interest claim in a PCR review related to another criminal conviction and that, with respect to this case, he never really talked to his trial counsel about representing him or any problems that he had with this representation. (R.pp. 183-184).



Petitioner has failed to show an actual conflict of interest in this case based on this record and testimony. "To establish ineffective assistance of counsel on conflict of interest grounds, a petitioner must establish that (1) his attorney labored under 'an actual conflict of interest' that (2) 'adversely affected his lawyer's performance.'" Henderson v. McFadden, No. 14-511, 2015 WL 433492, at *3 (D.S.C. Feb. 3, 2015)(quoting Mickens v. Taylor, 240 F.3d 348 (4th Cir.2001) (citing Cuyler, 446 U.S. at 348)), appeal dismissed, 609 F. App'x 160 (4th Cir. 2015). Moreover, even if an actual conflict of interest had been established, the burden remains on Petitioner to demonstrate that the conflict had an adverse effect on his defense. Henderson, 2015 WL 433492 at * 3 (citing Cudd v. Ozmint, No. 08-2421, 2009 WL 3157305 at ** 2-3 (D.S.C. Sept. 25,  2009)[holding petitioner's argument failed on merits because he did not demonstrate that conflict of interest adversely affected counsel's performance]). He has failed to meet this burden.

As for Petitioner's claim that counsel did not adequately prepare, the PCR Court found credible counsel's testimony with respect to his trial preparation. See (R.p. 188). Further, trial counsel also testified that there was a blood smear fingerprint on a light switch plate in the house that enabled a positive I.D. that Petitioner was in the house where he had no right to be. (R.pp. 188-189). After that determination was made Petitioner was interviewed, gave a complete confession to the offense, and never denied his culpability. (R.p. 189). Petitioner also admitted his guilt at the PCR hearing. (R.p. 184). Additionally, although Petitioner testified that his new counsel was only appointed approximately two weeks prior to trial, that he only came and spoke with the Petitioner once, and that his counsel relied on the investigation that his earlier counsel had done and did not independently investigate his case; (R.pp. 175-176); he offered no evidence at his PCR hearing, nor does he offer any now or even set forth any specific allegations, as to what his counsel could or would



have discovered which would have changed the outcome of his trial if he had conducted some further investigation.

In sum, based on the overwhelming evidence of Petitioner's guilt presented at his trial, Petitioner has not shown that the outcome of his trial would have been different even if his counsel had further investigated, nor has he shown prejudice from his counsel's actions. Therefore, Petitioner has not shown that the findings and rulings of the state courts were unreasonable, or that his counsel was ineffective. <u>Evans</u>, 220 F.3d at 312; <u>Williams v. Taylor</u>, <u>supra</u>; <u>Strickland v. Washington</u>, <u>supra</u>.; <u>Greene v. Fisher</u>, 132 S.Ct. 38, 43 (2011)[observing that AEDPA's "standard of 'contrary to, or involv[ing] an unreasonable application of, clearly established Federal law' is difficult to meet, because [its purpose] is to ensure that federal habeas relief functions as a 'guard against extreme malfunctions in the state criminal justice systems', and not as a means of error correction"]. Grounds Two and Four should be dismissed.

### III.

Finally, Petitioner contends in Ground Three of the Petition that his trial counsel was ineffective for failing to file a motion to reconsider his sentence. Respondent contends that Ground Three is procedurally barred from consideration by this Court, and the undersigned agrees.

At his PCR hearing, the Petitioner did not list this issue as being among the three issues he was pursuing, he did not present any testimony or evidence on this issue, nor did the PCR court rule on this issue in its order denying his APCR. (R.pp. 225-235). Therefore, even if Petitioner had intended to assert this claim, his failure to file a motion to reconsider requesting the PCR Court



to specifically address this issue constitutes a default of this claim.[8]  See Cudd, 2009 WL 3157305

at * 3 [Finding that where Petitioner attempted to raise an issue in his PCR appeal, the issue was

procedurally barred where the PCR court had not ruled on the issue and Petitioner did not file a

motion to alter or amend to request a ruling in regard to the issue].  As such, it was also procedurally

barred from consideration on appeal under South Carolina law.  White v. Burtt, No. 06-906, 2007 WL

709001 at *1 & *8 (D.S.C. Mar. 5, 2007)(citing Pruitt v. State, 423 S.E.2d 127, 127-128 (S.C.

1992)[issue must be raised to and ruled on by the PCR judge in order to be preserved for review]);

cf. State v. Dunbar, 587 S.E.2d at 693-694 ["In order for an issue to be preserved for appellate review,

it must have been raised to and ruled upon by the trial judge.  Issues not raised and ruled upon in the

trial court will not be considered on appeal."]; cf. Miller v. Padula, No. 07-3149, 2008 WL 1826495

at **1-2 & **9-10 (D.S.C. Apr. 23, 2008).  Additionally, Petitioner also did not raise this issue in his

PCR appeal, and since no evidence was presented on it in his PCR proceeding, it would not have been

reviewed by the Appellate Court's review of his counsel's Johnson petition.  See Court Docket No.

15-6.

        With respect to this Court's review and consideration of this issue, because Petitioner

did not properly raise and preserve Ground Three in his APCR and state court proceedings, it is

barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S.

560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-

7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL

---

[8]The Respondent points out that Petitioner also did not reference this claim in his PCR
application, citing to record page 154.  In the PCR application in the record, the supporting facts for
the Grounds are not set forth for any of the claims, and no attachments to the PCR application are in
the record setting forth this claim.



34085199 at * 2 (D.S.C. March 15, 2001); <u>Aice v. State</u>, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedies for Petitioner to pursue this issue, it is fully exhausted.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 735, n.1 (1991); <u>Teague v. Lane</u>, 489 U.S. 288, 297-298 (1989); <u>George v. Angelone</u>, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], <u>cert. denied</u>, 117 S.Ct. 854 (1997); <u>Aice</u>, 409 S.E.2d at 393; <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], <u>cert. denied</u>, 522 U.S. 833 (1997); <u>Ingram</u>, 1998 WL 726757 at **1.

However, even though otherwise exhausted, because this issue was not *properly* pursued and exhausted by the Petitioner in the state courts through the final level of state court review; <u>see</u>, discussion, <u>supra</u>; federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence.  <u>Martinez v. Ryan</u>, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Waye v. Murray</u>, 884 F.2d 765, 766 (4th Cir. 1989), <u>cert. denied</u>, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.



Coleman, 501 U.S. at 750.

Petitioner does not offer any "cause" for his failure to properly preserve this issue. Indeed, in his response in opposition to summary judgment, Petitioner admits that Respondent is correct in that:

(1) "This claim was not raised [in] Petitioner's PCR application";

(2) "no testimony was given on this ground at the PCR evidentiary hearing, nor did the PCR judge rule on such an issue.";

(3) "Petitioner did not file a Rule 59(e) motion to amend the order of dismissal.";

(4) "the defaulted claim, even if it was properly before this court, lacks merit." (RMSJ) at Pg. 15-16.[9]

See Memorandum in Opposition, pp. 4-5.

Rather, Petitioner contends that since he would now be precluded from pursuing the claim in state court, that this means his claim is exhausted and not procedurally barred. However,

[i]f a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. See Matthews v. Evatt, 105 F.3d 907, 915 (4th Cir.1997) (citations omitted).

Jeter v. Cartledge, No. 14-3658, 2015 WL 5546651, at *8 (D.S.C. Sept. 18, 2015).

Therefore, while exhaustion and procedural bar are related legal concepts, mere exhaustion alone does not meet the requirements under Coleman v. Thompson, supra, to prevent a procedural bar of this issue, and Petitioner has not otherwise made the necessary showing to overcome the procedural bar of his claim. See discussion, supra. As such, Petitioner has failed to show cause for his

---

[9]However, Petitioner then subsequently states that this claim does have merit. See Memorandum in Opposition, p. 5.



procedural default on these issues. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Finally, to the extent Petitioner is claiming that he is actually inccocent, cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). In this case, of course, Petitioner admitted his guilt at his PCR hearing, and he has not asserted an actual innocence claim. (R.p. 184). Accordingly, Petitioner has failed to present any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence on the criminal charges on which he was found guilty. See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim). Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if this claim is not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

Therefore, Ground Three asserted by Petitioner in this habeas petition is procedurally

20



barred from consideration by this Court, and should be dismissed.

## **Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 24, 2017
Charleston, South Carolina

21



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

